J-S49004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
  :  PENNSYLVANIA
  :
v.  :
  :
  :
  :
TROY J. STEINBURGER  :
  :
Appellant  :  No. 222 MDA 2018

Appeal from the Order Entered January 12, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004040-2002

BEFORE: SHOGAN, J., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY SHOGAN, J.:         **FILED OCTOBER 23, 2018**

Appellant, Troy J. Steinburger, appeals from the order denying his sixth

petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.

§§ 9541-9546. We affirm.

The PCRA court summarized the procedural history of this case as

follows:

> Following a trial conducted November 5-7, 2003, a jury
> found [Appellant] guilty of Murder in the First Degree,[1] Criminal
> Conspiracy[,][2] and Possession of Instrument of Crime[3]. The Court
> imposed sentence as follows:
>
> > Count 1 - Murder in the First Degree-Life
> > imprisonment without parole; Restitution.
> > Count 2- Criminal Conspiracy: Not less than 10 nor
> > more than 20 years imprisonment, concurrent with
> > Count 1 .
> > Count 3- Possession of Instrument of Crime: Not less
> > than 1 year nor more than 2 years imprisonment,
> > Count 3- Possession of Instrument of Crime:
> > concurrent with Count 1.

---

\*   Former Justice specially assigned to the Superior Court.

<sup>1</sup> 18 PA.C.S. § 2502(a)
<sup>2</sup> 18 PA.C.S. § 903
<sup>3</sup> 18 PA.C.S. § 907(b)

[Appellant] appealed. The Superior Court affirmed the judgment of sentence on August 9, 2004. [Appellant] did not request allowance of appeal to the Pennsylvania Supreme Court.

[Appellant] then filed a series of requests for relief under the Post Conviction Relief Act. On October 28, 2004, [Appellant] filed his first PCRA request, a *pro se* petition. The Court appointed PCRA counsel. On January 12, 2005, we granted PCRA counsel's Motion to Withdraw and apprised [Appellant] of our intent to dismiss the Petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1) ("Rule 907"). We dismissed the first PCRA Petition by Final Order filed February 23, 2005. [Appellant] did not appeal.

On June 27, 2005, [Appellant] filed a second PCRA Petition, which, following notice pursuant to Rule 907, we dismissed by Final Order filed September 12, 2005. [Appellant] did not appeal.

On July 21, 2006, [Appellant] filed a third PCRA Petition which, following notice pursuant to Rule 907, we dismissed by Final Order filed October 5, 2006. [Appellant] filed a timely appeal. The Superior Court dismissed [Appellant's] appeal for failure to file a docketing statement as required by Pennsylvania Rule of Appellate Procedure 3517.

On October 4, 2007, [Appellant] filed a fourth PCRA Petition. Following notice pursuant to Rule 907, [Appellant] filed objections. We dismissed the fourth PCRA Petition by Final Order filed November 15, 2007. On December 4, 2007, we filed an Amended Order. [Appellant] appealed. By Memorandum Opinion and Order filed July 18, 2008, the Superior Court affirmed the denial of relief.

On January 15, 2013, [Appellant] filed a fifth PCRA Petition. By Order of February 12, 2013, we provided notice of intent to dismiss pursuant to Rule 907. On February 21, 2013, [Appellant] filed *pro se* correspondence requesting permission to withdraw his fifth PCRA Petition. By Order filed March 4, 2013, we granted [Appellant's] request to withdraw the fifth PCRA Petition.

On July 24, 2017, [Appellant] filed a Motion to Open and Vacate Order/Sentence Pursuant to Pa.C.S.A. § 5505,[1] which we construe as [Appellant's] sixth PCRA Petition.[5]

[5] See, *Commonwealth v. Johnson*, 803 A. 2d 1291 (The PCRA provides the sole means for obtaining collateral review).

PCRA Court Opinion, 12/6/17, at 1-3 (footnote omitted).

On December 6, 2017, the PCRA court issued notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907. Appellant filed a timely response. The PCRA court denied Appellant's petition on January 12, 2018. This timely appeal followed. On February 7, 2018, the PCRA court issued an order directing Appellant to file, within twenty-one days, a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(a). On March 7, 2018, the PCRA court received Appellant's Pa.R.A.P. 1925(b) concise statement (dated February 26, 2018) and the PCRA court filed its opinion pursuant to Pa.R.A.P. 1925(a).

Appellant presents the following issues for our review:

1. DID THE TRIAL COURT ERROR BY APPLYING THE P.C.R.A. TIME-BAR STATUTE WHEN STATUTORY CONSTRUCTION OF THE P.C.R.A. READS FRAUD IS NOT APPLICABLE UNDER 42 Pa.C.S.A. § 9541-9546?

---

[1] 42 Pa.C.S. § 5505 (Modification of orders) provides: "Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed."

2. DID THE TRIAL COURT DENY APPELLANT HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS, WHEN IT ALLOWED THE COMMONWEATH TO COMMIT FRAUD?

3. DID THE COMMONWEALTH COMMIT A NAPUE AND MASSIAH VIOLATION BY USING KNOWN PERJURED TESTIMONY VIOLATING APPELLANT'S DUE PROCESS RIGHTS TO A FAIR TRIAL AND HIS FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNTIED STATES CONSTITUTION?

4. WHETHER APPELLANT IS ACTUALLY AND FACTUALLY INNOCENT BASED ON, "ON THE RECORD FRAUD" THAT WAS PERPETRATED BY THE COMMONWEALTH?

5. DID THE TRIAL COURT ABUSE ITS DISCRETION WHEN THE COURT DENIED APPELLANT HIS TRANSCRIPTS "OPENING STATEMENT?"

Appellant's Brief at 4 (verbatim) (capitalization in original).

We begin by determining whether Appellant's "Motion To Open And Vacate Order/Sentence Pursuant to Pa.C.S.A. § 5505" is properly considered a PCRA petition. We reject Appellant's attempt to circumvent the PCRA by claiming his motion was a request for modification of an order under 42 Pa.C.S. § 5505. Indeed, the very language of the rule itself defeats Appellant's argument. *See* n.1 *supra*. (setting forth entire context of Section 5505). An aggrieved party may seek modification or rescission of an order **within thirty days of entry of the order if no appeal has been filed**. Here, not only is Appellant's modification request patently untimely, it was filed in relation to a judgment of sentence from which Appellant sought a direct appeal in 2003. Accordingly, Appellant cannot seek relief pursuant to 42 Pa.C.S. § 5505.

Furthermore, we observe that the scope of the PCRA is explicitly defined as follows:

> This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. **The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.** This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction.

42 Pa.C.S. § 9542 (emphasis added).

The plain language of the statute above demonstrates that the General Assembly intended that claims that **could** be brought under the PCRA **must** be brought under that Act. *Commonwealth v. Hall*, 771 A.2d 1232, 1235 (Pa. 2001) (emphasis in original). Where a defendant's claims "are cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant." *Id*. (citations omitted). By its own language, and by judicial decisions interpreting such language, the PCRA provides the sole means for obtaining state collateral relief. *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999) (citations omitted). Thus, it is well settled that any collateral petition raising issues with respect to remedies offered under the PCRA will be considered a PCRA petition. *Commonwealth v. Deaner*, 779 A.2d 578, 580 (Pa. Super. 2001).

The question then is whether the multiple claims at issue here, *i.e.*, Appellant's allegations that his constitutional rights to a fair trial were violated such that the truth-determining process was undermined, are claims that were available to him under the PCRA. The relevant portion of the PCRA provides as follows:

> **(a) General rule.--**To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> * * *
>
> (2) That the conviction or sentence resulted from one or more of the following:
>
> * * *
>
> > (i) A violation of the constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

42 Pa.C.S. § 9543(a)(2)(i). Thus, the statute in this matter clearly provides that claims raising constitutional violations are cognizable under the PCRA. 42 Pa.C.S. § 9543(a)(2)(i). Hence, because Appellant's claim is cognizable under the PCRA regardless of the caption of the petition, the PCRA court had no authority to entertain the claim except under the strictures of the PCRA.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super.

- 6 -

2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)).  This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error.  **Commonwealth v. Robinson**, 139 A.3d 178, 185 (Pa. 2016).  The PCRA court's findings will not be disturbed unless there is no support for them in the certified record.  **Commonwealth v. Lippert**, 85 A.3d 1095, 1100 (Pa. Super. 2014).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final.  42 Pa.C.S. § 9545(b)(1).  A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  42 Pa.C.S. § 9545(b)(3).  This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition.  **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and

(iii), is met.[2]  A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented.  42 Pa.C.S. § 9545(b)(2).  In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2).  *Commonwealth v. Carr*, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Our review of the record reflects that the trial court imposed Appellant's judgment of sentence on November 7, 2003, and this Court affirmed the judgment of sentence on August 9, 2004.  Appellant did not seek review in the Pennsylvania Supreme Court.  Accordingly, Appellant's judgment of sentence became final on September 8, 2004, thirty days after this Court

---

[2]  The exceptions to the timeliness requirement are:

(i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

affirmed Appellant's judgment of sentence, and the time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Therefore, Appellant had until September 8, 2005, to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(3) (stating that, for purposes of calculating the timeliness of a petition, a "judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). Appellant filed the instant PCRA petition on July 24, 2017, which was over twelve years after his judgment of sentence became final. Consequently, the instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition nevertheless may be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

Our review of the certified record reflects that Appellant did not specifically raise the issue of timeliness and did not specifically plead any exception to the timeliness requirement in his filings with the PCRA court. Even if Appellant's allegation that the Commonwealth committed fraud upon the trial court is construed as an attempt to invoke the exception that the facts

- 9 -

upon which his claim is predicated were unknown to Appellant, we observe that Appellant has failed to present evidence to establish that this PCRA petition was presented within the applicable sixty-day time frame under 42 Pa.C.S. § 9545(b)(2). Thus, Appellant has not carried his burden to plead and prove applicability of one of the exceptions to the timeliness requirement. Hence, the PCRA court did not commit any error in dismissing Appellant's petition as untimely.[3]

In summary, the PCRA petition was untimely and no exceptions apply. Therefore, the PCRA court lacked jurisdiction to address any claims presented. **See Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear an untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. **See Commonwealth v. Bennett**, 930 A.2d

---

[3] We note that after this matter was submitted to this panel for consideration, Appellant filed with this Court a letter dated August 9, 2018, which we deemed to be an application for post-submission relief pursuant to Pa.R.A.P. 2501(b). Within his filing, he asks that we apply to his case the reasoning set forth in **Reeves v. SCI**, 897 F.3d 154 (3d Cir. 2018), in which the court addressed the "actual innocence exception" to the time bar for federal *habeas corpus* petitions. Essentially, Appellant seeks to bolster his original arguments pertaining to the PCRA court's handling of the timeliness of his PCRA petition. Generally, we will accept an application for post-submission communication when there has been a change in authority relied upon in the brief of the party. Pa.R.A.P. 2501(b). No such change occurred herein. Hence, we deny Appellant's application. Furthermore, while **Reeves** may represent a development in federal *habeas corpus* law, it is of no moment with respect to the way Pennsylvania courts apply the plain language of the time bar set forth in Section 9545(b)(1) of the PCRA. Accordingly, the ruling in **Reeves** fails to provide Appellant an exception to the time bar of the PCRA.

1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Application for post-submission relief denied. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/2018